**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

RAYMOND DOUGLAS APPELWICK,

Defendant-Appellant.

No.    15-50421

D.C. No. 3:14-cr-03486-WQH

MEMORANDUM[*]

Appeal from the United States District Court
for the Southern District of California
William Q. Hayes, District Judge, Presiding

Submitted December 14, 2016[**]

Before:    WALLACE, LEAVY, and FISHER, Circuit Judges.

Raymond Douglas Appelwick appeals from the district court's judgment and

challenges the 96-month sentence imposed following his guilty-plea convictions

for conspiracy to import methamphetamine and importation of methamphetamine,

---

[*]    This disposition is not appropriate for publication and is not precedent except as
provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral
argument. *See* Fed. R. App. P. 34(a)(2).

in violation of 21 U.S.C. §§ 952, 960, and 963. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Appelwick contends that his sentence is substantively unreasonable because the district court overstated the seriousness of his offense, failed to consider mitigating evidence, and imposed a sentence greater than necessary. The district court did not abuse its discretion in imposing Appelwick's sentence. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The court varied downward 72 months in recognition of Appelwick's mitigating circumstances. The below-Guidelines sentence is substantively reasonable in light of the 18 U.S.C. § 3553(a) sentencing factors and the totality of the circumstances, including the amount of methamphetamine Appelwick attempted to transport into the United States, his prior arrest for delivering methamphetamine to a "stash house," and his procurement of motorcycle batteries used to bring drugs into the country. *See Gall*, 552 U.S. at 51.

We decline to reach Appelwick's claim, raised for the first time in his reply brief, that he is entitled to a minor role reduction under U.S.S.G. § 3B1.2. *See United States v. Mejia-Pimental*, 477 F.3d 1100, 1105 n.9 (9th Cir. 2007). Contrary to Appelwick's contention, neither the amendment to the minor role Guideline, which became effective before the opening brief was filed, nor this

court's holding that the amendment is retroactive, constitutes good cause for Appelwick's failure to raise the claim earlier.

**AFFIRMED.**